# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2022

Lyle W. Cayce
Clerk

No. 21-50391
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Ezekiel Lozano,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-147-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Ezekiel Lozano was convicted of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and sentenced to 92 months of imprisonment. He appeals the denial of his motion to suppress the evidence discovered during two warrantless entries into his home, arguing that there

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50391

were no exigent circumstances to justify a protective sweep as to the first entry and that he did not give voluntary consent to search his home as to the second.

"When reviewing a denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). We will uphold the district court's ruling "if there is any reasonable view of the evidence to support it." *United States v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014) (citation omitted).

In this case, police arrived at Lozano's home in response to a report of a domestic disturbance—the 911 caller stated that her sister, Lozano's ex-girlfriend, had called her from that location stating that someone had hit her and that the call then abruptly ended. The responding officer found the ex-girlfriend outside Lozano's home and noted broken glass on the ground. Dispatch informed the officer that Lozano was the occupant of the home and that he was known to possess firearms and to deal in narcotics. The officers detained the ex-girlfriend on the porch and placed Lozano's roommate in a police car. The officers then learned that Lozano was still inside the home. An officer entered the home, located Lozano, and asked him to step outside.

Concern for safety is an exigent circumstance that may warrant a protective sweep. *See United States v. Silva*, 865 F.3d 238, 241-42 (5th Cir. 2017); *see also United States v. Watson*, 273 F.3d 599, 603 (5th Cir. 2001). Probable cause is not required for a protective sweep, only a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the scene. *Maryland v. Buie*, 494 U.S. 325, 334 (1990). Although protective sweeps are often performed incident to an arrest, an arrest is not required. *United States v. Gould*, 364 F.3d 578, 581 (5th Cir. 2004), *abrogated in part on other grounds by Kentucky v. King*, 563 U.S.

452 (2011). Here, a reasonable view of the evidence supports a finding that the officers had a reasonable, articulable belief that a dangerous individual was inside the house when they made their first warrantless entry to locate Lozano. Accordingly, we uphold the district court's determination that the first entry was lawful. *See Massi*, 761 F.3d at 520.

After Lozano exited the home, an officer asked him about the presence of narcotics and firearms, noting that he had smelled marijuana when the door was opened. When asked if he would show the officers where contraband was located inside the home, Lozano wordlessly turned around and entered the house. Inside, at the officers' request, he showed the officers the locations of a firearm and marijuana. The district court determined that Lozano had given voluntary consent to search his home.

To be valid, consent to search must be given voluntarily. *United States v. Jenson*, 462 F.3d 399, 406 (5th Cir. 2006). When determining the voluntariness of consent, courts consider: "1) the voluntariness of the defendant's custodial status; 2) the presence of coercive police procedures; 3) the extent and level of the defendant's cooperation with the police; 4) the defendant's awareness of his right to refuse consent; 5) the defendant's education and intelligence; and 6) the defendant's belief that no incriminating evidence will be found." *United States v. Wise*, 877 F.3d 209, 222 (5th Cir. 2017) (citation omitted).

Here, the district court found that Lozano was involuntarily in custody when the officers asked him to show them the marijuana and firearms in his home and that the officers did not inform Lozano of his rights to remain silent or to refuse consent. However, the district court also found that the police officers had not been "coercive" and had, in fact, been cordial. Even though Lozano was in custody, the officers did not handcuff him or draw their weapons. Further, Lozano complied with police officers by leaving his house

at their request—a request that was made in a friendly way—and by answering their questions. The district court also found that Lozano was of at least average intelligence and had no problem answering the officers' questions, a fact that Lozano does not dispute. Lozano had a criminal history and thus was not unfamiliar with police investigations.

A reasonable view of this evidence supports the district court's determination that Lozano consented to the search of his home when police entered the second time. Accordingly, we uphold the district court's ruling that this entry was lawful. *See Massi*, 761 F.3d at 520. *Cf. United States v. Blevins*, 755 F.3d 312, 325-26 (5th Cir. 2014) (upholding district court's finding of voluntary consent to search where suspect was in custody but "coercive techniques were not being applied"); *United States v. Tompkins*, 130 F.3d 117, 122 (5th Cir. 1997) (upholding finding of consent to search because, inter alia, "no threats or violence were used" and the suspect "was not unfamiliar with the criminal justice system").[1]

Lozano also argues that the subsequently obtained search warrant was tainted by the allegedly unlawful entries. Because the first warrantless entry was justified as a protective sweep and because Lozano gave valid consent to the second search, his argument attacking the search warrant fails.

Given the foregoing, the judgment of the district court is AFFIRMED.

---

[1] We note that "[a] suspect need not be given *Miranda* warnings before consenting to a search." Blevins, 755 F.3d at 326 (citing *Miranda v. Arizona*, 384 U.S. 436 (1966)). Additionally, consent to a request to search need not be verbal. *See United States v. Escamilla*, 852 F.3d 474, 484 (5th Cir. 2017); *United States v. Scroggins*, 599 F.3d 433, 441-42 (5th Cir. 2010).